UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In Re:

AUTOMATED TRUCKING, LLC            Case No. 8:25-bk-03886-CPM
                                                                 Chapter 11

        Debtor.
_____/

**DEBTOR'S MOTION FOR TURNOVER OF ESTATE PROPERTY AND TO
ENFORCE THE AUTOMATIC STAY AGAINST BANK OF AMERICA, NA**

       COMES NOW, Automated Trucking LLC ("Debtor"), by and through its undersigned counsel, hereby files this Motion for Turnover of Estate Property and to Enforce the Automatic Stay Pursuant to 11 U.S.C. §§ 362, 541, and 542, and in support thereof states as follows:

**Jurisdiction and Venue**

       1.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

       2.     The statutory predicates for the relief sought herein are §§ 1107(a), 362, 541 and 542 of the Bankruptcy Code.

**Background**

       3.     On June 10, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is continuing in possession of its property pursuant to 11 U.S.C. § 1107.

       4.     For more information, please see the Debtor's Case Management Summary (Doc. No. 4).

       5.     As of the Petition Date, the Debtor maintained one or more deposit accounts with

Bank of America, N.A. ("BOA"), including an account ending in 3318 (the "Account").

6. BOA has placed an **administrative freeze** on the Account, thereby refusing to release funds that are the legal and equitable property of the Debtor and now part of the bankruptcy estate. The administrative freeze was placed on the account pre-petition without any reason or grounds for same.

7. BOA has no claims against the Debtor such as a secured or unsecured claim.

8. The Debtor sent a demand letter to Bank of America demanding release of the funds in the account, but no response has been forthcoming.

### Argument

**A.     The Funds in the Account are Property of the Estate.**

9. Pursuant to 11 U.S.C. § 541(a)(1), property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."

10. The funds held in the Debtor's deposit accounts are clearly estate property and essential to the Debtor's ability to complete its liquidating chapter 11 plan.

**B.     BOA's Post Petition Freeze Violates the Automatic Stay.**

11. The filing of a bankruptcy petition operates as an automatic stay under 11 U.S.C. § 362(a), which prohibits "any act to obtain possession of property of the estate or to exercise control over property of the estate."

12. Courts have held that placing an administrative freeze on a debtor's bank account post-petition constitutes an exercise of control over estate property in violation of the automatic stay. *In re Mwangi*, 764 F.3d 1168 (9th Cir. 2014).

13. BOA has not obtained any court order authorizing such freeze and has not asserted any lawful justification for its actions.

14. BOA's retention of the Debtor's funds interferes with the administration of the estate..

**C.      Turnover is Required.**

15. Section 542(a) of the Bankruptcy Code requires that "an entity... in possession, custody, or control, during the case, of property that the trustee may use... shall deliver to the trustee, and account for, such property or the value of such property."

16. BOA is currently in possession or control of estate property and is required by law to release and turn over such property to the Debtor.

17. In *In re Young*, 439 B.R. 211, 218 (Bankr.M.D.Fla.2010), Judge Williamson held that in a chapter 7 case, the Debtor did not have standing to seek sanctions against the bank that had imposed an administrative freeze. In *Young*, Judge Williamson stated:

> For the guidance of parties, the holding in this case is limited to chapter 7 cases. In fact, it is the Court's preliminary view that a bank's freezing of a chapter 11 or chapter 13 debtor's bank account, solely based on the filing of a petition under chapter 11 or 13, may well be a violation of the automatic stay for which a bank may be subject to sanctions and be liable for any resulting damages. And a chapter 11 or chapter 13 debtor would have standing to seek such relief. The reason for this distinction is apparent when one considers the substantial differences between a chapter 7, which has as its purpose liquidation of property of the estate, and chapter 11 and 13 cases, which have as their purpose the debtor's continued possession and use of property of the estate pending confirmation of a plan.

WHEREFORE, the Debtor respectfully requests the entry of an order (a) granting this Motion, (b) Directing Bank of America, N.A. to immediately and unconditionally release the administrative freeze on all deposit accounts held by the Debtor, including but not limited to account ending in 3318, (c) Enforcing the automatic stay and requiring BOA to return the funds to the Debtor pursuant to 11 U.S.C. § 362, (d) reserving jurisdiction for the Court to awarding appropriate sanctions, including attorney's fees and costs, and reserving jurisdiction to consider

any request for actual or punitive damages under § 362(k), if BOA fails to comply, and (e) Granting such other and further relief as the Court deems just and proper.

Dated: June 17, 2025

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP

/s/ Alberto F. Gomez, Jr.
Alberto "Al" F. Gomez, Jr. (FBN: 784486)
400 North Ashley Drive, Ste. 3100
Tampa, FL 33601-1100
Telephone:    813-225-2500
Email:  Al@jpfirm.com
Attorneys for Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Debtor's Motion for Turnover* has been furnished either by the Court's CM/ECF service or by U.S. Mail, first class postage prepaid to the following:  **Office of the U.S. Trustee**, 501 East Polk Street, Suite 1200, Tampa, Florida 33602, **Bank of America, NA, Attn:  Registered Agent**, CT Corporation System, 1200 S. Pine Island Road, Plantation, FL 33324; **Bank of America, NA, Attn: Legal Department**, 101 S. Tryon Street, Charlotte, NC 28255; **Bank of America Financial Center**, 101 E Kennedy Blvd., Ste. 1000, Tampa, FL 33602; **Automated Trucking, LLC**, 6000 S. Florida Ave #5105, Lakeland, FL 33813 and to the parties listed on the attached matrix and via Certified Mail, Return Receipt to **Bank of America, Attn:  Brian T. Moynihan, President and CEO**, 100 North Tryon St., Charlotte, NC 28255 on June 17, 2025.

/s/ Alberto F. Gomez, Jr.
Alberto "Al" F. Gomez, Jr.