UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

AUTOMATED TRUCKING, LLC,

Case No.: 8:25-bk-03886-CPM
Chapter 11

Debtor.
_____/

**DEBTOR'S MOTION FOR APPROVAL OF AGREED ORDER EXTENDING TIME FOR THE U.S. SECURITIES AND EXCHANGE COMMISSION TO TAKE ACTION, TO THE EXTENT NECESSARY, TO DETERMINE THE NONDISCHARGEABILITY OF A DEBT OWING TO A GOVERNMENTAL UNIT PURSUANT TO 11 U.S.C. §1141(d)(6)**

AUTOMATED TRUCKING, INC. ("Debtor"), by and through its undersigned attorney, hereby files this motion for approval of an agreed order extending the date by which the U.S. Securities and Exchange Commission ("Commission" or "SEC") must file its complaint or take any other action that may be required, if any, to determine the nondischargeability of a debt owing to a governmental unit pursuant to 11 U.S.C. § 1141(d)(6) (the "Motion") and states the following:

**BACKGROUND**

1. On June 10, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor has continued in possession of its properties and has continued to operate and manage its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. Additional factual background regarding the Debtor, including its current and historical business operations and the events precipitating this Chapter 11 filing, is set forth in detail in the Debtor's Case Management Summary (Doc. No. 3).

## RELIEF REQUESTED

4. By this Motion, the Debtor respectfully requests entry of an order extending the date by which the SEC must file its complaint or take any other action that may be required, if any, to determine the nondischargeability of a debt pursuant to Section 1141(d)(6), without prejudice to the SEC's right to seek further extensions.

## BASIS FOR RELIEF REQUESTED

5. Section 1141(d)(6) of the Bankruptcy Code provides that "the confirmation of a plan does not discharge a debtor that is a corporation from any debt * * * (A) of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit;".

6. The staff of the Commission takes the position that Section 523(c) of the Bankruptcy Code and the corresponding deadline in Bankruptcy Rule 4007(c), do not apply to the nondischargeability of a debt under Section 1141(d)(6); and thus, that Section 1141(d)(6) is self-effectuating and the Commission may take whatever action may be required, if any, to determine the nondischargeability of a debt pursuant to Section 1141(d)(6) at any time, including following the confirmation of a Chapter 11 Plan (*See, e.g., In re Hawker Beechcraft, Inc.*, *et. al.*, Case No. 1:13-mc-00373-PKC (Mar. 27, 2014 S.D.N.Y)).

7. Without binding precedent in this jurisdiction on this issue, and in order to avoid unnecessary litigation, the Debtor and the SEC have agreed to the form of the proposed order attached hereto as Exhibit A to extend the deadline for the SEC to file a complaint or take any other action that may be required, if any, to determine the nondischargeability of a debt, pursuant to Section 1141(d)(6) of the Bankruptcy Code to, without prejudice to the Commission staff's right to seek further extensions.

8. The Debtor respectfully requests the entry of an agreed order in the form attached hereto as Exhibit A and by reference incorporated herein.

Dated: September 10, 2025

JOHNSON POPE BOKOR
  RUPPEL & BURNS, LLP

/s/ Alberto ("Al") F. Gomez, Jr.
Alberto ("Al") F. Gomez, Jr.
Florida Bar No. 784486
400 N. Ashley Dr. Ste. 3100
Tampa, FL 33602
Telephone: 813-225-2500
Facsimile: 813-223-7118
Email: Al@jpfirm.com
Attorneys for Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **Motion to Approve Stipulation** has been furnished by the Court's CM/ECF system to all creditors and parties who receive electronic notice via the Court's CM/ECF system on September 10, 2025.

/s/ Alberto ("Al") F. Gomez, Jr.
Alberto ("Al") F. Gomez, Jr.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

AUTOMATED TRUCKING, LLC,

Case No.: 8:25-bk-03886-CPM
Chapter 11

Debtor.
_____/

**AGREED ORDER EXTENDING TIME FOR THE U.S. SECURITIES AND EXCHANGE COMMISSION TO TAKE ACTION, TO THE EXTENT NECESSARY, TO DETERMINE THE NONDISCHARGEABILITY OF A DEBT OWING TO A GOVERNMENTAL UNIT PURSUANT TO 11 U.S.C. §1141(d)(6)**

THIS CAUSE came on for consideration upon the Debtor's Motion for Approval of Agreed Order Extending Time for the U.S. Securities and Exchange Commission to Take Action, to the Extent Necessary, to Determine the Nondischargeability of a Debt Owing to a Governmental Unit Pursuant to 11 U.S.C. § 1141(d)(6) (the "Motion")[1] (Doc. No. __). By submitting this Order for entry, the submitting party represents that the other parties have agreed to its entry and the Court has approved same. Accordingly, it is:

ORDERED that:

1. The Motion is GRANTED.

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning ascribed to them in the Motion.

Exhibit "A"

2. To the extent Section 523(c) or Rule 4007(c) applies, the date by which the Commission must file its complaint or take other action that may be required, if any, in this Chapter 11 case to determine the nondischargeability of a debt, pursuant to Section 1141(d)(6) of the Bankruptcy Code, shall be December 15, 2025, or such later date as may be ordered by the Court, without prejudice to the Commission's right to seek further extensions of the date.

3. Nothing in this Agreed Order constitutes a determination that Section 523(c) or Rule 4007(c) applies, or that any deadline exists to seek a determination of nondischargeability under Section 1141(d)(6) of the Code.

*** 

*Attorney Al Gomez is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and to file a proof of service within 3 days of entry of this order.*